IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEAH GORMLY, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| THE MICHAELS COMPANIES, | § | CASE NO. _____ |
| INC., | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant The Michaels Companies, Inc., ("Defendant") hereby removes this matter from the District Court at the 134th District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. Removal is proper under 28 U.S.C. §§ 1331, 1441, and 1446 based on federal question jurisdiction, and Defendant respectfully states as follows:

### I.    BACKGROUND

1.    On December 29, 2025, Plaintiff Leah Gormly ("Plaintiff") filed the civil action against Defendant in the 134th Judicial District Court of Dallas County, Texas, styled *Leah Gormly v. The Michaels Companies, Inc.,* Case No. DC-25-23525 (the "State Court Action"). Exhibit C, Original Pet.

2.    On January 7, 2026, the presiding judge in the State Court Action issued a Notice of Dismissal for Want of Prosecution to Plaintiff, setting a hearing for March 13, 2026.

3.      On March 11, 2026, the presiding judge in the State Court Action issued a Notice of Dismissal for Want of Prosecution to Plaintiff, setting a hearing for April 17, 2026.

4.      On April 14, 2026, Plaintiff made a Request for Issuance of Citation for service of process upon Defendant's agent.

5.      On April 16, 2026, the presiding judge in the State Court Action issued a Notice of Dismissal for Want of Prosecution to Plaintiff, setting a hearing for May 26, 2026.

6.      On April 16, 2026, Defendant's agent for service of process was served with the Citation, Plaintiff's Original Petition ("Petition"), and Plaintiff's Verified Delay in eFiling and Request for Extension. Accordingly, removal is timely under 28 U.S.C. § 1446(b).

## II.    GROUNDS FOR REMOVAL

7.      As demonstrated below, this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because federal questions arising under federal statutory law appear on the face of Plaintiff's Petition.

8.      First, Plaintiff's Petition expressly pleads a claim for "violation" of the Americans with Disabilities Act ("ADA"). *See* Exhibit C, Original Pet., Subsection F, p. 23. Plaintiff alleges she was "granted an allowance under the ADA to work from home for 90 days." *Id.* at ¶ 39. Plaintiff further alleges that the last day of her ADA accommodation was Thursday, June 26, 2025, and that she had a scheduled appointment on June 30, 2025, to finalize "the additional 90-day ADA work from home

extension." *Id.* at ¶ 53. Plaintiff also alleges that, during a meeting on Friday, June 27, 2025, she "discovered her position had been eliminated." *Id.* Based thereon, Plaintiff seeks damages. *Id.* at Subsection G.

9.     Second, Plaintiff also appears to allege a claim under the Fair Labor Standards Act ("FLSA"). *Id.* at Subsection F, p. 23. Specifically, Plaintiff alleges a claim for "[u]npaid overtime for non-exempt salaried employee (under both the EAP and HCE tests.)" *Id.* Plaintiff alleges that, in April 2025, she worked "50–55 hours" per week, and that by June 2025 she was "regularly working 55 hours a week." *Id.* at ¶¶ 41, 47. Based thereon, Plaintiff seeks damages. *Id.* at Subsection G.

10.     Third, Plaintiff appears to allege a claim under the Age Discrimination in Employment Act ("ADEA"). Specifically, Plaintiff alleges a claim for "[a]ge discrimination." *Id.* at Subsection F, p. 22. Plaintiff alleges that, at the time her position was eliminated and she was discharged, she was the "oldest woman on the eCommerce Content team." *Id.* at ¶ 53. Based thereon, Plaintiff seeks damages. *Id.* at Subsection G.

11.     In addition to the foregoing federal claims, Plaintiff's Petition also purports to assert the same claims against Defendant under state statutes and state common law. *See id.* Plaintiff asserts additional causes of action arising under state common law for bad faith dealing, breach of implied promise of good-faith dealing, breach of contract (stated and implied), fraudulent inducement, violating company policies, failure to follow or enforce policies, and defamation. *Id.* at Subsection F, p. 22.

12.    This Court may assert supplemental jurisdiction over each of these claims under 28 U.S.C. § 1367 because they arise out of the same operative facts as Plaintiff's claims under the ADA, FLSA, and/or the ADEA and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

### III.    REMOVAL IS PROPER

13.    Removal is proper because Plaintiff raises federal questions by asserting claims under the ADA, FLSA, and the ADEA. Thus, this action may be removed to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1441.

14.    To the extent Plaintiff's Petition alleges state statutory or common law or other nonfederal claims, this Court may assert supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because they arise out of the same operative facts as Plaintiff's claims under ADA and thus "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

### IV.    REMOVAL IS TIMELY

15.    Defendant's agent for service of process was served with the Citation, Plaintiff's Original Petition ("Petition"), and Plaintiff's Verified Delay in eFiling and Request for Extension on April 16, 2026.

16.    This Notice of Removal is being filed within thirty (30) days of the date Defendants were served with notice of Plaintiff's lawsuit. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## V.   **DEFENDANT SATISFIED THE PROCEDURAL REQUIREMENTS**

17.   The United States District Court for the Northern District of Texas embraces the 134th Judicial District Court of Dallas County, Texas, the court in which the State Court Action is now pending. Therefore, this Court is a proper venue for this action under 28 U.S.C. § 1441(a).

18.   Under 28 U.S.C. § 1446(a), and the Northern District of Texas Local Rule LR 81.1, this Notice of Removal is accompanied by the following documents:

   a.   An Index of all documents (**Exhibit A**);

   b.   A copy of the docket sheet in the state Court Action (**Exhibit B**);

   c.   Plaintiff's Original Petition (**Exhibit C**);

   d.   Court's Notice of Initial Dismissal Hearing issued on January 7, 2026 (**Exhibit D**);

   e.   Court's Notice of Dismissal Hearing issued on March 11, 2026 (**Exhibit E**);

   f.   Plaintiff's Citation Service Request (**Exhibit F**);

   g.   Issued Citation (**Exhibit G**);

   h.   Court's Notice of Dismissal Hearing issued on April 16, 2026 (**Exhibit H**);

   i.   Certificate of Service (**Exhibit I**);

19.   Pursuant to 28 U.S.C. § 1446(d), Defendant is also promptly filing a written notice of filing of notice of removal and a true and complete copy of this Notice

of Removal with the Clerk of the 134th Judicial District Court of Dallas County, Texas, and is serving Plaintiff with copies of the same.

20.    Defendant has not waived the right to assert any applicable defenses by removing this action from state court.

## VI.    PRAYER

WHEREFORE, by this Notice of Removal, Defendant The Michaels Companies, Inc. respectfully requests that this civil action be removed from the District Court at the 134th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. Defendant further prays that this action proceed as properly removed to this Court, that it be placed on this Court's docket for further proceedings as though it had originated in this Court, and that the Court issue all necessary orders.

**Date:** <u>May 10, 2026</u>

Respectfully submitted,

*/s/ Courtney Barksdale Perez*
Courtney Barksdale Perez (Texas 24061135)
Emani J. Plummer (Texas 24144203)
**BAKER & HOSTETLER LLP**
2850 North Harwood Street, Suite 1100
Dallas, TX 75201
Phone: 214-210-1200
Fax: 214-210-1201
cbperez@bakerlaw.com
eplummer@bakerlaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on May 10, 2026, the foregoing Notice of Removal was served upon

counsel of record via the Court's electronic filing system:

Eric K. Gormly (24071309)
1499 Preston Rd., Ste. 112-505
Dallas, TX 75254
Phone: (214) 242-0596
ekg@gormlylaw@gmail.com

*Attorney for Plaintiff*

/s/ *Courtney Barksdale Perez*
Courtney Barksdale Perez